UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GEORGE VERNON ROGERS, JR.,
   aka "George Vernon Rogers-Sowieja,"
   aka "George Sowieja,"

        Defendant.
_____/

No. 2:25-CR-13-01

Hon. JANE M. BECKERING
U.S. District Judge

### GOVERNMENT'S SENTENCING MEMORANDUM

#### Background and Introduction

Defendant George Vernon Rogers, Jr., is a twice convicted sex offender—one in federal court and one in tribal court. His victims reported predatory, violent conduct by him, and both times, his victims were 15 years old. (R.23: PSR, PageID.170–71, ¶¶ 63, 68.) The second of those convictions was before this Court in 2010; he was sentenced to a statutory maximum sentence of 15 years in prison. (W.D. Mich. Case No. 2:10-cr-23, R.25: J, PageID.38–39.) At the time, he received 22 criminal history points, including points for two convictions for assault with a dangerous weapon and five convictions for failing to register as a sex offender, resulting in a criminal history score of VI. (W.D. Mich. Case No. 2:10-cr-23, R.52: PSR, PageID.160–62.)

Defendant was released from prison on September 8, 2023. (W.D. Mich. Case No. 2:10-cr-23, R.45: Petition at 1.) Since his release, another 15-year-old reported

1

that Defendant sexually assaulted them. (R.23: PSR, PageID.177 ¶ 93.) Defendant was also convicted of a new criminal offense for operating while visibly impaired. (*Id.* at PageID.170–71, ¶ 64.) He struggled to comply with the terms of supervised release—he used alcohol and had contact with minors in violation of the terms of his supervision. (*Id.* at PageID.169–70, ¶ 63.) And based on his guilty plea in this case, he failed to properly register as a sex offender, making this his sixth conviction for that kind of offense. (*Id.* at PageID.156, 165–69, ¶¶ 2–3, 56–58, 60, 62.)

Though his guidelines range is 15–21 months (*id.* at PageID.130, ¶ 130), that guidelines range fails to adequately account for Defendant's history and characteristics, the need to promote respect for the law, and the need to protect the public from further crimes by Defendant. The government, therefore, moves for an upward variance and requests a sentence of between 27 and 33 months.

## Guidelines Calculation

Though he is a Tier III offender under Michigan law (*id.* at PageID.157, ¶ 10), Defendant's prior convictions do not qualify him as a Tier III offender under the guidelines. (*Id.* at PageID.163, ¶ 40.) The guidelines define a defendant's tier pursuant to 34 U.S.C. § 20911. USSG § 2A3.5, app. n. 1. 34 U.S.C. § 20911(4) defines a Tier III sex offender as follows:

> The term "tier III sex offender" means a sex offender whose offense is punishable by imprisonment for more than 1 year and—
>
>> (A) is comparable to or more severe than the following offenses, or an attempt or conspiracy to commit such an offense:
>>
>>> (i) aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of title 18); or

2

> (ii) abusive sexual contact (as described in section 2244 of title 18) against a minor who has not attained the age of 13 years;
>
> (B) involves kidnapping of a minor (unless committed by a parent or guardian); or
>
> (C) occurs after the offender becomes a tier II sex offender.

Under § 20911, Defendant's tribal court conviction could not render him a Tier II sex offender because it was not punishable by imprisonment for more than one year. 34 U.S.C. § 20911(3). As a result, he did not become a Tier III sex offender by way of his second conviction because his tribal court conviction for criminal sexual conduct – third degree was punishable by up to a year in jail. Moreover, because his offense in 2010 involved a fifteen-year-old victim, instead of one under 13, that offense is not a Tier III offense under the guidelines. *See, e.g.*, *United States v. Morales*, 801 F.3d 1, 9 (1st Cir. 2015); *United States v. Laney*, No. 20-CR-3053-LTS-KEM, 2021 WL 2373845, at *10 (N.D. Iowa Mar. 26, 2021), *report and recommendation adopted,* No. CR20-3053-LTS, 2021 WL 1821188 (N.D. Iowa May 6, 2021). As a result, his base offense level is 14 under USSG § 2A3.5(a)(2).

Moreover, though a 15-year-old[1] reported after Defendant's release from prison that Defendant had sexually abused them (R.23: PSR, PageID.177 ¶ 93), the government cannot prove the assault occurred *while* Defendant was in a failure to

---

[1] The victim would have been an infant at the time Defendant was arrested in May 2010. (R.23: PSR, PageID.177, ¶ 93.)  Therefore, the only way they could have been assaulted by Defendant and remembered it is if the assault occurred after Defendant's release from prison.

3

register status. As a result, he does not receive an eight-level enhancement under USSG § 2A3.5(b)(1)(C).

This leads to an adjusted offense level of 14. (R.23: PSR, PageID.163, ¶ 45.) After a two-level reduction for acceptance of responsibility, his total offense level is 12. (*Id.* at PageID.164, ¶¶ 47–48.)

Because Defendant spent nearly fifteen years in prison, none of his twenty-two criminal history points from the last time he was sentenced before this Court receive criminal history points this time. He receives three criminal history points for his sexual abuse of a minor conviction, and two criminal history points for an operating while visibly impaired conviction for conduct in July 2024. (*Id.* at PageID.169–71, ¶¶ 63–64.) This leads to a criminal history score of five, and a criminal history category III. (*Id.* at PageID.171, ¶ 67.)

At 12-III, Defendant's guidelines range is 15–21 months. (*Id.* at 183, ¶ 130.)

## § 3553(a) Factors

The Court knows full well its obligation to impose a reasonable sentence under 18 U.S.C. § 3553(a). Though the guidelines are a benchmark and starting place, they do not adequately account for various factors in this case. Several factors warrant a variance under 18 U.S.C. § 3553(a), including "the history and characteristics of the defendant," "the need for the sentence imposed—. . . to promote respect for the law," and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A), (C).

The base offense level fails to adequately account for the danger Defendant poses to the community. Defendant has two convictions for sexually abusing minors. A third minor—who was roughly the same age as his prior victims—has accused him of sexual abuse while he was on supervised release. (R.23: PSR, PageID.177 ¶ 93.) Further, when considering the conduct that he engaged in during his prior sexual abuse victims, he poses an extremely high danger to the community, and specifically, young people. All three victims of his prior sexual abuse reported that Defendant engaged in violent, predatory conduct. The 2002 victim reported that they struggled to escape from Defendant while he sexually assaulted them. (R.23: PSR, PageID.171, ¶ 68.) A witness reported that they heard the victim telling Defendant "No" and "Quit it" when the victim was left alone with Defendant. (*Id.*) The victim from the 2010 conviction reported that they said "no" several times, that they tried to kick Defendant while he removed their pants, and that Defendant held them down and covered their mouth while Defendant sexually abused them. (*Id.* at PageID.170, ¶ 63.) The most recent victim reported that Defendant forced them to perform oral sex on him. (*Id.* at PageID.177, ¶ 93.) All his victims were 15 or younger when the assaults occurred. (*Id.* at PageID.170, 171, 177, ¶¶ 63, 68, 93.) The repetitive nature of his predatory conduct illustrates just how dangerous he is.

Beyond the assault alleged by another victim, his other supervised release conduct illustrates his danger to the community.  In July 2025, he responded "yes," when asked "Have you had sexual contact with a minor?" (R.23: PSR, PageID.159, ¶ 23.) He dubiously claimed that, although he did not believe a hug constituted sexual

5

contact, he said yes because a minor female's "chest rubbed against his while they were hugging." (*Id.*) He also had contact with M.M.'s children and tried to hide that from his probation officer. (R.23: PSR, PageID.159–60, ¶¶ 20, 23.) Based on the timing, these events occurred while he had a condition to not have contact with minors absent approval from his probation officer. (W.D. Mich. Case No. 2:10-cr-23, R.25: J., PageID.41.) He did not have approval to have contact with those minors. (W.D. Mich. Case No. 2:10-cr-23, R.46: Pet., PageID.45.)

And though a criminal history category of III requires significant prior criminal conduct, in this case, it fails to account for Defendant's heightened risk of recidivism. As noted above, none of his pre-2010 convictions score any criminal history points. He had accumulated 22 criminal history points by the time of that case. And his 22 criminal history points did *not* include any points for his tribal court conviction for criminal sexual conduct – third degree. Though a significant amount of time has passed since that time, Defendant spent nearly all that time in prison. And his prior, unscored convictions included additional violent conduct beyond his sexual abuse convictions: he has two assault-with-a-dangerous-weapon convictions both of which involved Defendant threatening his victims with knives. (R.23: PSR, PageID. at 165, 167, ¶¶ 55, 58.)

Perhaps most relevantly, Defendant has proven again and again that he will not comply with his obligations as a sex offender. None of his five prior failures to register receive criminal history points—if just those scored, he would receive ten additional criminal history points and be a criminal history category VI. (*Id.* at

PageID.165–168, ¶¶ 56–58, 60, 62.) Considering the similarity between those offenses and the instant offense of conviction, a sentence above the guidelines is appropriate because those convictions establish a risk of recidivism and danger to the community beyond that posed by a typical person with a criminal history category III. *See, e.g., United States v. Cechini*, 834 F. App'x 201, 206 (6th Cir. 2020).

And it would be one thing if upon release from prison in 2023 Defendant had stayed to the straight and narrow; but instead, in less than two years, he committed a new state-law violation resulting in a conviction; failed to update his sex offender registration resulting in his sixth conviction for that sort of offense; struggled on supervision with several violations; and is alleged to have committed another sexual assault. Instead of proving that he had turned the corner, Defendant has proven that he is unable to conform his conduct to the requirements of the law.

## Conclusion

Defendant is a dangerous sex offender, who has shown that he cannot meet his sex offender obligations. The applicable guidelines fail to adequately account for his history and characteristics, the need to deter him, and the need to promote respect for the law. Giving proper weight to those factors, the § 3553(a) factors warrant a sentence above the advisory guidelines range. The government submits that the Court should vary up one criminal history category and two offense levels. The government requests a sentence of between 27 and 33 months.

Respectfully submitted,

TIMOTHY VERHEY
United States Attorney

7

Dated: January 22, 2026 /s/ *Theodore J. Greeley*
THEODORE J. GREELEY
Assistant United States Attorney
1930 US Hwy 41 W, 2d Floor
Marquette, MI 49855
(906)226-2500